IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re: | CASE NO. 10-03104 |
|---|---|
| ROBERT THOMAS COELLO, | (Chapter 7) |
| Debtor. | [Docket No. 9] |
| | Hearing: |
| | Date: November 10, 2010 |
| | Time: 1:30 p.m. |
| | Judge: Honorable Lloyd King |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF ORDER GRANTING MOTION FOR
RELIEF FROM AUTOMATIC STAY FILED OCTOBER 14, 2010**

Secured Creditor Eric E. Meech's Motion for Relief from Automatic Stay, filed October 14, 2010, was heard by the undersigned bankruptcy judge on November 10, 2010. Stuart T. Ing, Esq., appeared on behalf of Debtor Robert Thomas Coello ("Debtor" or "Coello"); Dana R.C. Lyons, Esq., appeared on behalf of Secured Creditor Eric E. Meech ("Meech"). After consideration of the written and oral arguments of the parties, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. The secured claim by Meech herein arises from an investment involving Coello and Meech in the purchase of a parcel located at 59-621 Ke Iki Road, Haleiwa, Hawai'i (hereinafter the "Property").

2. While the original intention of the parties was equal ownership in the Property, Coello manipulated property documents and transactions in order to retain a seventy-five percent (75%) interest in the Property, with the remaining twenty-five percent (25%) interest held by Meech.

3. Residing on the premises since 2000, Coello repeatedly attempted to deprive Meech of his interest in the Property, which eventually led to an action by Meech in the Circuit Court of the First Circuit, State of Hawai'i (the "Foreclosure Action").

4. After extensive settlement conferences and mediation, a settlement agreement was reached between Coello and Meech in which, *inter alia*, Coello agreed to buy-out Meech's claim to a 50% interest in the Property.

5. To secure the purchase price, Coello granted Meech a $500,000 third mortgage against the Property (the settlement agreement is hereinafter referred to as the "Mediated Settlement Agreement").

U.S. Bankruptcy Court - Hawaii   #10-03104   Dkt # 31   Filed 11/24/10   Page 2 of 5

6. Following Coello's breach of the settlement agreement, Meech enforced his rights in the Foreclosure Action by obtaining a court order for enforcement of the Mediated Settlement Agreement and decree of foreclosure authorizing the sale of the Property (hereinafter "Foreclosure Order").

7. On March 15, 2010, to avoid enforcement of the Foreclosure Order and sale of the Property, Coello filed a petition for Chapter 13 bankruptcy protection commencing case entitled In re Robert Thomas Coello, Case No. 10-00744 ("Chapter 13 Case").

8. On August 2, 2010, a bankruptcy court order granting Meech's Motion to Dismiss was entered, and the Chapter 13 case was dismissed.

9. Debtor's Chapter 13 case was dismissed because Debtor's non-contingent, liquidated, secured debts exceeded the eligibility limit of $1,010,650.

10. Proofs of Claim field by Bank of Hawaii, Everhome Mortgage Co. and Meech, respectively, in the Chapter 13 case totaled in excess of $1,383,765.

11. After dismissal of the Chapter 13 case, Meech filed, in the Foreclosure Action, a Motion for Enforcement of Status Conference Order. ("Motion to Enforce").

12. On September 13, 2010, Debtor, Pro Se, filed an Ex Parte Motion for Stay of Foreclosure Proceedings, Pending Appeal. That Motion was denied by the Hawai'i Intermediate Court of Appeals.

13. On September 23, 2010, Meech filed a Motion for Confirmation of Private Sale ("Motion to Confirm") in the Foreclosure Action.

14. The state court Motion to Enforce and the Motion to Confirm were both set for hearing on October 12, 2010, before the Honorable Kyle K. Sakamoto.

15. On October 11, 2010, Debtor filed in this court a voluntary petition under Chapter 7 of the Bankruptcy Code. The automatic stay of 11 U.S.C. section 362(a) prevented Meech from obtaining the relief requested in his state court motions.

16. Debtor has no equity in the Property, based on Debtor's appraisal of the Property.

17. On October 14, 2010, Meech filed a Motion for Relief from Automatic Stay.

4

U.S. Bankruptcy Court - Hawaii #10-03104 Dkt # 31 Filed 11/24/10 Page 4 of 5

18. On October 26, 2010, Debtor filed his Objection to Motion for Relief from Automatic Stay.

19. The contested motion was heard on November 10, 2010.

## CONCLUSIONS OF LAW

1. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Debtor does not have equity in the Property.

5. This bankruptcy case is part of Debtor's ongoing efforts to prevent enforcement of Meech's rights in the Property. Debtor is not acting in good faith.

6. Secured Creditor Meech has shown cause for relief from stay pursuant to 28 U.S.C. § 362(d).

DATED: Honolulu, Hawaii, *Nov. 24, 2010*

*/s/ Lloyd King*
United States Bankruptcy Judge

5

U.S. Bankruptcy Court - Hawaii #10-03104 Dkt # 31 Filed 11/24/10 Page 5 of 5